UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL KEITH WATKINS,

    Plaintiff,

v.

VAMIL SINGH, et al.,

    Defendants.

No. 2:13-cv-0416 WBS CKD

ORDER AND FINDINGS AND RECOMMENDATIONS

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.    <u>In Forma Pauperis</u>

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

II.     Screening of Plaintiff's Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983

2

imposes two essential requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or the laws of the United States." Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986).

Here, plaintiff alleges that defendants were deliberately indifferent to his serious medical needs while he was incarcerated at the California Medical Facility in Vacaville. A prisoner can maintain an Eighth Amendment claim based on prison medical treatment by showing "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health...." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between the supervisor and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

3

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the caption to his complaint, plaintiff names three defendants: Vamil Singh, Matthew Cate, and Scott Kernan. On page seven,[1] he additionally identifies R.L. Andreasin and Dr. Bick as defendants. Plaintiff then references various other individuals throughout his complaint, including Dr. Dillion, Dr. Francis, Dr. Lieu and Dr. Steevers, describing their alleged actions or omissions in regard to his medical care.

Construing the complaint liberally, plaintiff has stated cognizable claims against Dr. Bick, Dr. Dillion, Dr. Lieu and Dr. Steevers only. Plaintiff alleges that Dr. Lieu failed to properly treat him in the emergency room on two separate occasions for chest pain and shortness of breath (ECF No. 1 at 9, 11-12), while Dr. Dillion, Dr. Steevers and Dr. Bick were allegedly responsible for the refusal of plaintiff's requests to go to an outside hospital, which caused him to suffer damage to his heart including an enlarged heart or aorta. (Id. at 14-15, 17.)

The remaining named individuals are not alleged to have made any medical decision or omission that could be found to constitute deliberate indifference to plaintiff's serious medical needs. To the extent these individuals are supervisory personnel or supervisory medical staff, their roles in that regard do not suffice to show the requisite personal participation in the Eighth Amendment violations alleged. See Ivey, 673 F.2d at 268.

In sum, the complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against Dr. Bick, Dr. Dillion, Dr. Lieu and Dr. Steevers only. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees

---

[1] The court references the page numbers assigned by the court's CM/ECF system.

shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3.  Service is appropriate for the following defendants:  Dr. Bick, Dr. Dillion, Dr. Lieu and Dr. Steevers.

    4.  This case should proceed on plaintiff's deliberate indifference claims against Dr. Bick, Dr. Dillion, Dr. Lieu and Dr. Steevers.

    5.  The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed March 1, 2013.

    6.  Within 30 days of the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a.  The completed Notice of Submission of Documents;

        b.  One completed summons;

        c.  One completed USM-285 form for each defendant listed in number 3 above; and

        d.  Five copies of the endorsed complaint filed March 1, 2013.

    7.  Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

    Further, IT IS HEREBY RECOMMENDED THAT defendants Vamil Singh, Matthew Cate and Scott Kernan be dismissed.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

/////

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: June 3, 2013

                                                CAROLYN K. DELANEY
                                                UNITED STATES MAGISTRATE JUDGE

8
watk.0416.1.new