UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL KEITH WATKINS, | No. 2:13-cv-0416 KJM CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| VAMIL SINGH, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. His remaining claims arise under the Eighth Amendment against defendants Dr. Bick and Dr. Dhillon[1] and concern medical treatment. Defendants Bick and Dhillon have filed a motion for summary judgment.

I. Plaintiff's Claims

In his complaint, which is signed under the penalty of perjury, plaintiff asserts that between January and April, 2005 he suffered from intermittent symptoms including severe chest pain and difficulty breathing which he believes resulted from heart problems. On April 25, 2005, plaintiff suffered from chest pain and was taken by gurney to the emergency room at the

/////

---

[1] In his complaint, plaintiff refers to this defendant as Dr. Dillon. This defendant answered plaintiff's complaint as Dr. Balraj Dhillon. ECF No. 19.

California Medical Facility (CMF).  When he arrived at the emergency room, he was given nitroglycerin and placed on oxygen.

After plaintiff stabilized, plaintiff was approached by a Dr. Francis who asked plaintiff about his condition.  After plaintiff explained his condition to Dr. Francis, Dr. Francis indicated to plaintiff that she would like to have plaintiff sent to an outside hospital for an angiogram.  Dr. Francis asked plaintiff if he would consent to the outside visit and plaintiff indicated that he would.

Minutes before Dr. Francis approached plaintiff, plaintiff heard Francis argue with defendant Dr. Dhillon as to why he would not have plaintiff sent to an outside hospital for an angiogram.  Defendant Dhillon stated to Francis that it was not necessary.  As they argued, defendant Dhillon called cardiologist Dr. Dassah.  After Dhillon hung up, Dhillon told Francis that Dr. Dassah stated it was not necessary to send plaintiff to an outside hospital.  At that point, Dr. Francis told Dr. Dhillon that it was her opinion that plaintiff should be sent to an outside facility and that his normal electrocardiogram results should not dictate whether an outside visit should occur.  As plaintiff's treating physician, it was up to defendant Dr. Dhillon whether to send plaintiff to an outside facility for an angiogram and he elected not to.

Also on April 25, 2005, defendant Dr. Bick, the Chief Medical Officer at CMF, looked over plaintiff and was aware of his situation as plaintiff had made requests to Bick that he be sent to an outside hospital for an angiogram or heart scan.  Dr. Bick denied plaintiff's request.

Plaintiff was seen by cardiologist Dr. Dassah on April 27, 2005 and was given a treadmill test.

On June 22, 2010, plaintiff received the results of an ultrasound of his heart.  The heart specialist indicated to plaintiff that he has mild mitral regurgitation of the small heart valve; a leaky heart valve.  Plaintiff asserts that had he received better treatment through the years, he would not have this condition.

II. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

2

1  Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by
2  "citing to particular parts of materials in the record, including depositions, documents,
3  electronically stored information, affidavits or declarations, stipulations (including those made for
4  purposes of the motion only), admissions, interrogatory answers, or other materials. . ."  Fed. R.
5  Civ. P. 56(c)(1)(A).
6        Summary judgment should be entered, after adequate time for discovery and upon motion,
7  against a party who fails to make a showing sufficient to establish the existence of an element
8  essential to that party's case, and on which that party will bear the burden of proof at trial.  See
9  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an
10 essential element of the nonmoving party's case necessarily renders all other facts immaterial."
11 Id.
12       If the moving party meets its initial responsibility, the burden then shifts to the opposing
13 party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita
14 Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the
15 existence of this factual dispute, the opposing party may not rely upon the allegations or denials
16 of their pleadings but is required to tender evidence of specific facts in the form of affidavits,
17 and/or admissible discovery material, in support of its contention that the dispute exists or show
18 that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed.
19 R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the
20 fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
21 governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
22 Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
23 genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
24 party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).
25       In the endeavor to establish the existence of a factual dispute, the opposing party need not
26 establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual
27 dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
28 trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce

the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

III. Defendants' Argument And Analysis

The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to overcome a motion for summary judgment with respect to a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must point to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." See id. at 106. The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference" to be established. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992). A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Defendants Bick and Dhillon assert there is no evidence before the court tending to show they were deliberately indifferent to plaintiff's serious medical needs on April 25, 2005.  The court agrees.  First, there is no admissible evidence that the failure by any physician at CMF to send plaintiff to a facility outside the prison for an angiogram or for other tests on or around April 25, 2005 amounted to deliberate indifference to plaintiff's condition,[2] or that plaintiff suffered any actionable injury as a result.  Second, at worst, the evidence before the court indicates that defendants Dhillon and Bick deferred to cardiologist Dr. Dassah with respect to questions concerning the health of plaintiff's heart.[3]  It is generally not deliberate indifference to defer to a specialist.  See Butler v. Jong Yeoung Moon, No. 1:09-cv-2074 MJS P, 2011 WL 4591072, at *5 (E.D. Cal. Sept. 30, 2011).

For these reasons, defendants Dr. Bick and Dr. Dhillon should be granted summary judgment and this case should be closed.

Accordingly, IT IS HEREBY RECCOMMENDED that:

1. Defendants' July 11, 2014 motion for summary judgment (ECF No. 31) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

---

[2] As indicated above, plaintiff reports in his complaint that Dr. Francis believed plaintiff should be sent to an outside facility for an angiogram. However, plaintiff's statement in this respect constitutes inadmissible hearsay, see Fed. R. Evid. 801 et. seq. Furthermore, as indicated above, a mere difference of opinion is not deliberate indifference.

[3] In his affidavit, Dr. Bick indicates that he is essentially an administrator and not a heart specialist. He also indicates that if a patient presented potential heart problems to Dr. Bick, he would refer them to "an appropriate physician for care and treatment." In fact, medical records show that on April 25, 2005, Dr. Bick approved a request by Dr. Dhillon that plaintiff be referred to cardiologist Dr. Dassah for tests and evaluation. ECF No. 31-4 at 21.

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 9, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
watk0416.57